**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| AUTO-OWNERS INSURANCE COMPANY | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. |
| WARNER'S HOMES AND IMPROVEMENTS, INC. | : | |

**DECLARATORY JUDGMENT COMPLAINT**
**PURSUANT TO 28 U.S.C. § 2201 *et seq.***
**AUTO-OWNERS INSURANCE COMPANY v. WARNER'S HOMES AND IMPROVEMENTS, INC.**

Auto-Owners Insurance Company, by and through its attorneys, McCormick & Priore, P.C., hereby files this Declaratory Judgment Complaint against Warner's Homes and Improvements, Inc. and in support thereof, Auto-Owners avers as follows:

## PARTIES

1. Plaintiff, Auto-Owners Insurance Company (hereinafter, "Auto-Owners"), is a mutual insurance company organized under the laws of the State of Michigan, who is authorized to do business in the Commonwealth of Pennsylvania, with a principal place of business in Michigan, located at 6101 Anacapri Blvd, Lansing, Michigan 48917-3999.

2. Defendant, Warner's Homes and Improvements, Inc. (hereinafter, "Warner's"), is a corporation with a mailing address of 407 S. Erie Street, Mercer PA 16137.

## JURISDICTION AND VENUE

3. Jurisdiction in the United States District Court for the Western District of Pennsylvania is proper pursuant to *28 U.S.C. § 1332* because complete diversity exists between Plaintiff and Defendant and the amount in controversy exceeds $75,000.

4. Further, jurisdiction in the United States District Court for the Western District of

Pennsylvania is proper pursuant to 28 U.S.C. § 2201 because this matter presents a case of actual controversy and seeks an order declaring the rights and determining questions of contract construction under an insurance policy that provides more than $75,000 in liability coverage that is the subject of the instant insurance coverage dispute herein.

5. Venue in the Western District of Pennsylvania is proper pursuant to *28 U.S.C. § 1391* because this controversy arises out of contractual terms within the commercial general liability (CGL) insurance policy issued in Pennsylvania by Auto-Owners that was delivered to Defendant Warner's Homes and Improvements, Inc. at 407 S. Erie Street, Mercer PA.

**FACTS**

6. Upon information and belief, Gary C. Blaze is the owner of property located at 21 Blaze Road, Mercer, PA 16137.

7. Upon information and belief, Defendant, Warner's Homes and Improvements, Inc. served as a general contractor for the construction of a modular home constructed on that property that was completed in or around September of 2012.

8. In the years 2021 and 2022, Mr. Blaze allegedly learned of certain design defects in the modular home located at 21 Blaze Road, Mercer, PA 16137, leading Mr. Blaze to sue Warner's for construction defects associated with the 2012 construction.

9. A true and correct copy of the operative Amended Complaint filed in *Gary C. Blaze v. Warner's Homes and Improvements, Inc., Mercer County Court of Common Pleas, Civil Division No. 2023-2450* is attached hereto as Exhibit "A."

10. Among other things, Mr. Blaze alleges that there exists "serious structural rotting problems" and that Warner's "had constructed the home in a manner that caused the floor rim joists not to sit properly on the foundation's sill plate" with "deep and long vertical cracks in all

four of the walls of the modular home's precast concrete foundation." *Id. at paragraphs 27-28, 32.*

11. In the Amended Complaint, Mr. Blaze seeks damages against Warner's, seeking damages under theories of negligence, breach of contract, breach of the implied warranties of workmanship and habitability, and breach of contract (intended third-party beneficiary). *See id.*

12. By Order of the Mercer County Court of Common Pleas, dated September 30, 2024, the Mercer County Court of Common Pleas dismissed the theories of breach of contract and breach of the implied warranties of workmanship and habitability, leaving only the negligence and breach of contract (intended third-party beneficiary) claims outstanding. *See September 30, 2024, Order of the Mercer County Court of Common Pleas, attached hereto as Exhibit "B."*

13. Mr. Blaze seeks an amount in damages in excess of the jurisdictional limits for compulsory arbitration in Mercer County, Pennsylvania, which in Mercer County, Pennsylvania is $35,000. *Id. See Mercer County Local Civil Rule L1301*.

14. Mr. Blaze further avers that he has suffered damages "in an amount not yet determined but believed to be in excess of $250,000." *See Exhibit "B" at paragraph 43*.

15. As a result of Mr. Blaze's lawsuit filed in Mercer County, Warner's made a claim for defense and indemnity under Auto-Owners Insurance Policy no. 104637-68452221-19, a commercial general liability policy Auto-Owners Insurance Company issued to "Warner Homes and Improvements" (the "Auto-Owners Policy").

16. A true and correct copy of Auto-Owners Insurance Policy no. 104637-68452221-19 (the "Auto-Owners Policy") is attached hereto as Exhibit "C."

17. The Auto-Owners Policy includes form CG 00 01 04 13, which states as follows:

> **SECTION I – COVERAGES**
> **COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
> **1. Insuring Agreement**

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.

* * *

b. This insurance applies to "bodily injury" and "property damage" only if:
(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
(2) The "bodily injury" or "property damage" occurs during the policy period; and
(3) Prior to the policy period, no insured listed under Paragraph 1. of Section II – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

See Exhibit "C" at CG 00 01 04 13, page 1 of 14.

18. The Auto-Owners Policy defines the term "occurrence" as follows:

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

19. Further, the Auto-Owners Policy contains the following exclusions:

**2. Exclusions**
This insurance does not apply to:
**a. Expected Or Intended Injury**
"Bodily injury" or "property damage" expected or intended from the standpoint of the insured.
This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

**b. Contractual Liability**
"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to damages

(1) That the insured would have in the absence of the contract or agreement; or
(2) Assumed in a contract or agreement that is an "insured contract" . . .

* * *

**j. Damage to Property**
"Property damage" to:

* * *

(5) That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or
(6) That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

Paragraphs (3), (4), (5) and (6) of this exclusion do not apply to liability assumed under a sidetrack agreement. Paragraph (6) of this exclusion does not apply to "property damage" included in the "products completed operations hazard".

* * *

**k. Damage To Your Product**
"Property damage" to "your product" arising out of it or any part of it.

* * *

**m. Damage To Impaired Property Or Property Not Physically Injured**
"Property damage" to "impaired property" or property that has not been physically injured, arising out of:
(1) A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or
(2) A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.
This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

See Exhibit "C" at CG 00 01 04 13, pages 2-5.

20. Auto-Owners agreed to provide Warner's with a defense under a reservation of rights, reserving its rights to deny coverage to Warner's due to a lack of coverage for the claims asserted by Mr. Blaze. *See November 17, 2023, reservation of rights letter, attached hereto as Exhibit "D."*

**COUNT I**
**NO COVERAGE FOR CLAIMS ASSERTED BY GARY C. BLAZE AGAINST DEFENDANT, WARNER'S HOMES AND IMPROVEMENTS, INC.**

21. Auto-Owners hereby incorporates by reference the above paragraphs, *supra*, as

though same were fully set forth herein.

22. For the Auto-Owners policy to provide coverage to Warner's under the applicable coverages, the factual allegations underlying those claims must allege "property damage" caused by an "occurrence."

23. Factual allegations of faulty workmanship do not constitute an "occurrence" under Pennsylvania law, even if asserted as negligence claims. *Kvaerner Metals Division of Kvaerner U.S., Inc. v. Comm. Union Ins. Co.*, 908 A.2d 888 (Pa. 2006); *Specialty Surfaces Int'l v. Continental Cas. Co.*, 609 F.3d 223, 231 (3d. Cir. 2010) (noting that, under Pennsylvania law, "faulty workmanship, even when cast as a negligence claim, does not constitute an event; nor do natural and foreseeable events like rainfall.")

24. Here, the factual allegations in the Amended Complaint consist entirely of alleged construction defects, which do not constitute an "occurrence" and are otherwise barred by exclusions and limitations in the Auto-Owners Policy, including the "Impaired Property" exclusion. *See Exhibit "C."*

25. Since the claims Mr. Blaze asserts against Warner's do not allege a covered "occurrence," Auto-Owners has no duty to defend or indemnify Warner's in connection with the faulty workmanship claims.

26. Pursuant to *28 U.S.C. § 2201 et seq.*, Auto-Owners is entitled to a judicial determination of its rights, duties, and obligations, if any, under the Auto-Owners Policy, and that Auto-Owners owes no coverage to Defendant pursuant to the Auto-Owners Policy.

**WHEREFORE**, Plaintiff, Auto-Owners Insurance Company, respectfully requests relief from this Court in the form of a declaration pursuant to *28 U.S.C. § 2201 et seq.*, that Auto-Owners has no obligation under the Auto-Owners Policy to provide defense and indemnity coverage for

the events set forth in the Amended Complaint filed in *Gary C. Blaze v. Warner's Homes and Improvements, Inc.*, Mercer County Court of Common Pleas, Civil Division No. 2023-2450 and demands that judgment be entered in its favor and against Defendant, Warner's Homes and Improvements, Inc., along with any other relief the Court deems just and proper.

Respectfully submitted,

**McCORMICK & PRIORE, P.C.**

By: /s/ Glen Shikunov

Glen Shikunov, Esquire
Christopher S. Regan, Esquire
Attorneys for Plaintiff,
Auto-Owners Insurance Company
Attorney ID #316728/#329071
2001 Market Street
Suite 3810
Philadelphia, PA 19103
(T) 215-972-0161
(F) 215-972-5580
GShikunov@mccormickpriore.com
CRegan@mccormickpriore.com

Date: November 7, 2025