**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| AUTO-OWNERS INSURANCE COMPANY | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 2:25-cv-01739 |
| WARNER'S HOMES AND IMPROVEMENTS, INC. | : | |

**MOTION FOR ENTRY OF DEFAULT JUDGMENT OF PLAINTIFF, AUTO-OWNERS INSURANCE COMPANY**

Plaintiff, Auto-Owners Insurance Company (hereinafter, "Auto-Owners"), by and through its attorneys, McCormick & Priore, P.C., hereby files this Motion to For Entry of Default Judgment for a Declaration that it has no duty to defend or indemnify Defendant Warner's Homes and Improvements, Inc. in the matter *Gary C. Blaze v. Warner's Homes and Improvements, Inc.*, Mercer County Court of Common Pleas, Civil Division No. 2023-2450, and in support thereof avers as follows:

**A. Background and Defendant's Default**

1. Auto-Owners initiated this declaratory judgment action to obtain a Declaration that it does not have a duty to defend or indemnify Warner's Homes and Improvements, Inc. ("Warner's") under Auto-Owners Insurance Policy no. 104637-68452221-19 (the "Auto-Owners Policy") relative to the underlying construction

defect action *Gary C. Blaze v. Warner's Homes and Improvements, Inc* (the "Blaze Suit").

2. A copy of the Complaint, with exhibits, in this suit is attached hereto at Exhibit "A".

3. In this suit, Auto-Owners has sought this Declaration on the basis that (i) the allegations within the Blaze Suit do not constitute an "occurrence" as defined within the Auto-Owners Policies and controlling Pennsylvania precedent and (ii) independently, several exclusions within the Auto-Owners Policies preclude coverage.

4. After failing to return a signed waiver of service, Warner's, a corporation domiciled within the United States District Court for the Western District of Pennsylvania, was personally served with the Summons and Complaint on December 22, 2025. *A copy of the Affidavit of Service is attached hereto as Exhibit "B"*.

5. Warner's has not filed a response to the Complaint.

6. On February 5, 2026, the Clerk of Court entered a Default.

7. By virtue of the entry of default, Warner's is deemed to have admitted the factual allegations in Auto-Owner's Complaint. *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990) ("A consequence of the entry of a default judgment is that the factual allegations of the complaint, except those relating to the amount

of damages, will be taken as true.") (internal quotations and citations omitted).

**B. <u>Underlying Blaze Suit and Allegations</u>**

8. On March 11, 2024, Gary C. Blaze ("Mr. Blaze"), filed the operative Amended Complaint in the civil action in the Court of Common Pleas of Mercer County, Pennsylvania, docketed as *Gary C. Blaze v. Warner's Homes and Improvements, Inc.*, 2023-2450.

9. The sole original defendant named in the Amended Complaint is also the sole Defendant in this matter, Warner's. See Exhibit "A" at Exhibit "A."

10. Among other things, Mr. Blaze alleges that there exists "serious structural rotting problems" and that Warner's "had constructed the home in a manner that caused the floor rim joists not to sit properly on the foundation's sill plate" with "deep and long vertical cracks in all four of the walls of the modular home's precast concrete foundation." *Id. at paragraphs 27-28, 32.*

11. In the Amended Complaint, Mr. Blaze seeks damages against Warner's, seeking damages under theories of negligence, breach of contract, breach of the implied warranties of workmanship and habitability, and breach of contract (intended third-party beneficiary). *See id.*

12. By Order of the Mercer County Court of Common Pleas, dated September 30, 2024, the Mercer County Court of Common Pleas dismissed the

theories of breach of contract and breach of the implied warranties of workmanship and habitability, leaving only the negligence and breach of contract (intended third-party beneficiary) claims outstanding. *See Exhibit "A" at Exhibit "B."*

### C. <u>The Auto-Owners Policy Language and Exclusions</u>

13. The Auto-Owners Policy includes form CG 00 01 04 13, which states as follows:

> **SECTION I – COVERAGES**
> **COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
> **1. Insuring Agreement**
> a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.
>
> * * *
>
> b. This insurance applies to "bodily injury" and "property damage" only if:
> (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
> (2) The "bodily injury" or "property damage" occurs during the policy period; and
> (3) Prior to the policy period, no insured listed under Paragraph 1. of Section II – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

See Exhibit "A" at Exhibit "C" at CG 00 01 04 13, page 1 of 14.

14. The Auto-Owners Policy defines the term "occurrence" as follows:

> 13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

15. Further, the Auto-Owners Policy contains the following exclusions:

> **2. Exclusions**
> This insurance does not apply to:
> **a. Expected Or Intended Injury**
> "Bodily injury" or "property damage" expected or intended from the standpoint of the insured.
> This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.
>
> **b. Contractual Liability**
> "Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to damages
> (1) That the insured would have in the absence of the contract or agreement; or
> (2) Assumed in a contract or agreement that is an "insured contract" . . .
>
> * * *
>
> **j. Damage to Property**
> "Property damage" to:
>
> * * *
>
> (5) That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or
> (6) That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

> Paragraphs (3), (4), (5) and (6) of this exclusion do not apply to liability assumed under a sidetrack agreement. Paragraph (6) of this exclusion does not apply to "property damage" included in the "products completed operations hazard".
>
> * * *
>
> **k. Damage To Your Product**
> "Property damage" to "your product" arising out of it or any part of it.
>
> * * *
>
> **m. Damage To Impaired Property Or Property Not Physically Injured**
> "Property damage" to "impaired property" or property that has not been physically injured, arising out of:
> (1) A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or
> (2) A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.
> This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

See Exhibit “C” at CG 00 01 04 13, pages 2-5.

16. Auto-Owners agreed to provide Warner’s with a defense under a reservation of rights, reserving its rights to deny coverage to Warner’s due to a lack of coverage for the claims asserted by Mr. Blaze. *See November 17, 2023, reservation of rights letter, attached hereto as Exhibit “D” to Exhibit “A.”*

**D. <u>Legal Argument</u>**

17. Under Federal Rule of Civil Procedure, whenever a party seeks a default judgment is not for a sum certain or a sum that can be made certain by

computation, the party seeking default judgment "must apply to the court for a default judgment." F.R.C.P. 55(b)(2).

18. In determining whether to enter a default judgment, courts examine "(i) whether the plaintiff will be prejudiced if the default is denied, (ii) whether the defendant has a meritorious defense; and (iii) whether the default was the product of defendant's culpable conduct." *Eastern Elec. Corp. of New Jersey v. Shoemaker Const. Co.*, 657 F.Supp.2d 545, 551 (E.D. Pa. 2009).

19. In Pennsylvania, an insurer's duty to defend is determined from the "four corners" of the Complaint. *Kvaerner Metals Div. of Kvaerner U.S., Inc. v. Commercial Union Ins. Co.*, 908 A.2d 888, 896 (Pa. 2006)

20. If found, the duty to defend carries a "conditional obligation to indemnify in the event the insured is held liable for a claim covered by the policy." *General Acc. Ins. Co. of America v. Allen*, 692 A.2d 1089, 1095 (Pa. 1997).

21. As the putative insured, Warner's has the burden to prove that the facts pleaded in the trigger defense and indemnity coverage under the Auto-Owners policy. *Koppers Co. v. Aetna Cas. & Sur. Co.*, 98 F.3d 1440, 1446 (3d. Cir. 1996) ("In Pennsylvania, the insured bears the burden of proving facts that bring its claim within the policy's affirmative grant of coverage.").

22. In failing to answer the Complaint in this matter, Warner's has admitted (i) the allegations within Mr. Blaze's Amended Complaint, which seek damages

from Warner's for Warner's alleged faulty workmanship and (ii) the existence of the terms and exclusions within the Auto-Owners Policy.

23. In Pennsylvania, breaches of contract are not "occurrences," for liability insurance purposes. *See Redevelopment Auth. of Cambria Cty. v. Int'l Ins. Co*., 685 A.2d 581, 589 (Pa. Super. Ct. 1996) ("The purpose and intent of a general liability insurance policy is to protect the insured from liability for essentially accidental injury to the person or property of another rather than coverage for disputes between parties to a contractual undertaking."); *see Pennsylvania Manufacturers' Ass'n Ins. Co., v. L.B. Smith, Inc*., 831 A.2d 1178, 1181 (Pa. Super. 2003); *see also Quality Stone Veneer, Inc. v. Selective Ins. Co. of Am*., 229 F. Supp. 3d 351, 360 (E.D. Pa. 2017) ("Pennsylvania law is clear that CGL policies do not provide coverage for breach of contract and breach of contract claims").

24. Further, Pennsylvania Supreme Court and Third Circuit Precedent categorically precludes CGL policy coverage for faulty workmanship claims cast as negligence claims:

> We hold that the definition of "accident" required to establish an "occurrence" under the policies **cannot be satisfied by claims based upon faulty workmanship.** Such claims simply do not present the degree of fortuity contemplated by the ordinary definition of "accident" or its common judicial construction in this context. To hold otherwise would be to convert a policy for insurance into a performance bond. We are unwilling to do so, especially since such protections are already readily available for the protection of contractors.

*Kvaerner Metals Division of Kvaerner U.S., Inc. v. Comm. Union Ins. Co.*, 908 A.2d 888, 899 (Pa. 2006). *See also Specialty Surfaces Int'l v. Continental Cas. Co.*, 609 F.3d 223, 231 (3d. Cir. 2010) (noting that, under Pennsylvania law, "faulty workmanship, **even when cast as a negligence claim**, does not constitute an event; nor do natural and foreseeable events like rainfall.")

25. "[D]amage to the work product alone versus damage to other property is irrelevant so long as both foreseeably flow from faulty workmanship[.]" *Sapa Extrusions, Inc. v. Liberty Mutual Insurance Company*, 939 F.3d 243, 256 (3d Cir. 2019).

26. Because the claims Mr. Blaze asserts against Warner's do not allege a covered "occurrence," Auto-Owners has no duty to defend or indemnify Warner's in connection with the faulty workmanship claims. *See Kvaerner*, *supra*.

27. Independently, the contractual liability exclusion and intentional or expected acts exclusion serve to preclude coverage for Warner's. *See*, *e.g.*, *id.* at 898 (holding faulty workmanship is not an accident because it is not "something that occurs unexpectedly or unintentionally").

28. Warner's has no excuse—and has not appeared in this Court to present an excuse—for its failure to appear or respond to the Complaint filed by Auto-Owners. *Systems Industries, Inc. v. Han*, 105 F.R.D. 72, 74 (E.D. Pa. 1985) ("I have no difficulty in concluding that entry of a default judgment is appropriate in this

case. Three months have passed since the complaint was served on defendants, during which time defendants have taken no action whatever with respect to this litigation.")

29. Indeed, were the Motion for Entry of Default denied simply because Warner's has not appeared, it would provide an incentive to other defendants to default and avoid participation in litigation as there would be no consequence in ignoring a lawsuit.

30. Warner's has not appeared and asserted any defense—meritorious or otherwise—that should preclude the entry of default judgment in favor of Warner's.

31. Auto-Owners is currently defending Warner's in the Blaze Suit and is prejudiced by any further delay as (i) Auto-Owners is currently defending Warner's in the Blaze Suit and expending money for coverage it does not owe, and the entry of default in this case would assist in Auto-Owners withdrawing coverage in this suit and (ii) would further preclude any duty of Auto-Owners to indemnify Warner's for any loss sustained in this suit. *Eastern Elec. Corp. of New Jersey v. Shoemaker Const. Co.*, 657 F.Supp.2d 545, 553 (E.D. Pa. 2009) (granting motion for entry of default judgment when time was of the essence).

**E. <u>Conclusion</u>**

32. Pursuant to F.R.C.P. 55(b)(2) and 28 U.S.C. § 2201 *et seq.*, Auto-Owners is entitled to a judicial determination of its rights, duties, and obligations, if

any, under the Auto-Owners Policy, and that Auto-Owners owes no coverage to Defendant pursuant to the Auto-Owners Policy.

Respectfully submitted,

**McCORMICK & PRIORE, P.C.**

By: /s/ Glen Shikunov

Glen Shikunov, Esquire
Christopher S. Regan, Esquire
Attorneys for Plaintiff,
Auto-Owners Insurance Company
Attorney ID #316728/#329071
2001 Market Street
Suite 3810
Philadelphia, PA 19103
(T) 215-972-0161
(F) 215-972-5580
GShikunov@mccormickpriore.com
CRegan@mccormickpriore.com

Date: February 27, 2026